UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) NO. 4:04CR598 ERW ) ) |
| CHARLES LADEN, | ) ) |
| Defendant. | ) |

**PLEA AGREEMENT, GUIDELINES**
**RECOMMENDATIONS AND STIPULATIONS**

Come now the parties pursuant to Section 6B1.4, Sentencing Guidelines and Policy Statements (October 1987), and the Administrative Order of this Court (January 2, 1991) and hereby stipulate and agree that the following are the parties' agreements, recommendations and stipulations:

1. **THE PARTIES:**

The parties to the agreements, recommendations and stipulations contained herein are the defendant, Charles Laden, defense counsel, Thomas Flynn, and the Office of the United States Attorney for the Eastern District of Missouri (hereinafter "the government"). This document and the agreements, recommendations and stipulations contained herein do not, and are not intended to bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri. It is understood by the parties that the Court is neither a party to nor bound by these agreements, recommendations, and stipulations.

2. **PLEA AGREEMENTS:**

A. **The Plea:** Pursuant to Rule 11(c)(1)(A), Federal Rules of Criminal Procedure, in

exchange for the defendant's voluntary plea of guilty to Count I of the indictment, the Office of the United States Attorney for the Eastern District of Missouri agrees that no further federal prosecution will be brought in this District relative to the defendant's conduct on January 8, 2004, that resulted in the charge reflected in Count I of the indictment, of which the Office of the United States Attorney for the Eastern District of Missouri is aware at this time.

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the defendant fully understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the government agrees to dismiss or not to bring.

**B. The Sentence:** Pursuant to Rule 11(c)(1)(B), Federal Rules of Criminal Procedure, the parties have addressed United States Sentencing Guidelines applications to this case and have agreed to these recommendations. The parties agree that these recommendations fairly and accurately set forth the Guidelines calculations which the parties believe the Court should use in determining the defendant's sentence.

The parties acknowledge that the Guidelines application recommendations set forth herein are the result of negotiations between the parties as to the Guidelines applications they address; that these negotiated recommendations as well as the agreements the government made in paragraph 2A led to the guilty plea in this case. However, the parties are free to argue at sentencing that a sentence outside the guideline range is appropriate, taking into account all matters set out in Title 18 U.S.C., Section 3553(a). The parties understand that the District Court is neither a party to nor bound by the Guidelines recommendation agreed to in this document.

**C. Waiver of Post-Conviction Rights:** (1) **Appeal:** The defendant has been fully

apprised by defense counsel of the defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742. However, in the event the Court accepts the plea, as part of this agreement, both the defendant and the government hereby waive all rights to appeal all non-jurisdictional issues including, but not limited to any issues relating to pre-trial motions, hearings and discovery and any issues relating to the negotiation, taking or acceptance of the guilty plea or the factual basis for the plea. The parties also agree to waive the right to appeal whatever sentence is imposed, including any issues relating to the establishment of the Criminal History Category determined by the Court, except the parties reserve the right to appeal any issue relating to a sentence that is above or below the Guidelines range that results from a combination of the Criminal History Category determined by the Court and the Total Offense Level recommended by the parties in this document. The parties understand that the District Court is neither a party to nor bound by the Guidelines recommendations agreed to in this document.

(2) *Habeas Corpus*: The defendant acknowledges being guilty of the crime(s) to which a plea is being entered, and further states that neither defense counsel nor the government have made representations which are not included in this document as to the sentence to be imposed. The defendant further agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

D. **Financial Disclosure:** The defendant agrees to complete and sign financial forms as required by the United States Probation Office prior to sentencing, including a Net Worth Statement (Probation Form 48); or a Net Worth Short Form Statement (Probation Form 48 EZ); a

3

Cash Flow Statement (Probation Form 48B); a Declaration of Defendant or Offender Net Worth and Cash Flow Statements (Probation Form 48D); and a Customer Consent and Authorization for Access to Financial Records (Probation Form 48E). The defendant agrees to provide complete, truthful and accurate information on these forms and consents to the release of these forms and any supporting documentation by the United States Probation Office to the government. The defendant also agrees to complete and sign financial forms, including a Customer Consent Authorization for Access to Financial Records During Supervision (Probation Form 48I), as required by the United States Probation Office during the defendant's term of supervised release or probation. The defendant agrees to provide complete, truthful and accurate information on these forms and consents to the release of these forms and any supporting documentation by the United States Probation Office to the government.

E. **Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:** The defendant has discussed with defense counsel and understands that nothing contained in this document is meant to limit the rights and authority of the United States of America to take any civil, tax or administrative action against the defendant including, but not limited to, asset forfeiture, deportation and any listing and debarment proceedings to restrict rights and opportunities of the defendant to contract with government agencies. Further, any recommendation in this document as to the amount of loss or restitution is not binding upon the parties in any civil or administrative action by the government against the defendant.

F. **Forfeiture of Interest in Property Seized:** The defendant agrees to forfeit any and all interest he may possess in any and all items, including the controlled substances, controlled substances paraphernalia, firearm and ammunition, and other items seized by law enforcement

4

officers during the course of their investigation on January 8, 2004.

The defendant further agrees not to assist any other individual in contesting those forfeitures on the defendant's behalf and agree that there was reasonable cause to seize the aforementioned controlled substances, controlled substances paraphernalia, firearm and ammunition, and other items. The defendant agrees to prevent the disbursement of any and all monies, property or assets derived from the unlawful activities, if said disbursements are within the defendant's direct or indirect interest or control. The defendant agrees to take all steps necessary and to execute any documents needed, to transfer title or ownership of these items to the government, to include truthful testimony to rebut the claims of nominees and/or alleged third party owners of any of these seized items.

The defendant further agrees that any and all seized items may be disposed of by law enforcement officials in accordance with the established practices and policies of the respective law enforcement agency.

3. **GUIDELINES RECOMMENDATIONS (NOT BINDING ON THE COURT):**

A. **Manual to be Used:** The parties recommend that the 2004 version of the Guidelines Manual applies and the defendant knowingly consents to the application of this version of the Guidelines.

B. **Offense Conduct:**

(1) **Base Offense Level:** The parties recommend that the base offense level for defendant is a level 18. In this regards, the defendant agrees that the firearm to which he pleads guilty to possessing is a firearm that is described in Title 26, United States Code, Section 5845(a); consequently, defendant's recommended base offense level of 18 is governed by

5

U.S.S.G. § 2K2.1(a)(5).

(2) **Chapter 2 Specific Offense Characteristics:** The parties do not recommend any Chapter 2 Specific Offense Characteristic adjustments.

C. **Chapter 3 Adjustments:**

1. **Acceptance of Responsibility:** The parties recommend that the defendant provided timely notification to the Government of his intention to enter a plea of guilty so as to be eligible for consideration of a 3-level reduction for his Acceptance of Responsibility pursuant to the provisions of Section 3E1.1(a)-(b).

In this regard, the Government notifies the Court that defendant's base offense level, prior to any reduction for Acceptance of Responsibility is greater than a level 16. The Government also notifies the Court that the defendant notified the Government of his intention to plead guilty in a timely manner, thereby permitting the Government to avoid preparing for trial. Defendant's timely notification has allowed the Government and the Court to allocate their resources more efficiently. Because of this and if the Court grants defendant a 2-level reduction for Acceptance of Responsibility pursuant to Section 3E1.1(a), the Government moves this Court to grant defendant and additional 1-level reduction pursuant to the provisions of 3E1.1(b).

The parties agree that if the defendant does not abide by all of the agreements made within this document, the defendant's failure to comply is grounds for the loss of acceptance of responsibility pursuant to Section 3E1.1. The parties further agree that the defendant's eligibility for a reduction pursuant to Section 3E1.1 is based upon the information known at the present time, and that any actions of the defendant which become known to the government after this agreement and are inconsistent with the defendant's Acceptance of Responsibility are grounds for

6

the loss of Acceptance of Responsibility pursuant to Section 3E1.1. In either event, the parties agree that all of the remaining provisions of this agreement remain valid and in full force and effect.

    2. No other Chapter 3 adjustments are recommended by the parties.

D. **Estimated Total Offense Level:** Based on these recommendations, including the recommendation of the parties that defendant receive a 3-level reduction for Acceptance of Responsibility, the parties estimate that defendant's Total Offense Level is 15.

E. **Criminal History:** The determination of the defendant's Criminal History Category shall be left to the Court after it reviews the Presentence Report. The Criminal History Category determination will be made only after the United States Probation Office obtains and evaluates the records it can find of the defendant's criminal history. Prior convictions can affect the sentence and usually result in a harsher sentence. Both parties retain their right to challenge the finding of the Presentence Report as to the defendant's criminal history and the applicable category; however, all decisions as to the appropriate Criminal History Category by the Court are final and not subject to appeal.

Both parties are aware that the results of a preliminary criminal record check are available for review in the Pretrial Services Report.

F. **Acknowledgment of Effect of Recommendations:** The parties recognize that they may not have addressed or foreseen all the Guidelines provisions applicable in this case. Guidelines applications not expressly addressed by the parties' recommendations, but which are addressed by the Presentence Report or the Court, may be presented to the Court for consideration. The parties agree and understand that the Court, in its discretion, may apply any Guidelines not addressed in this document.

Furthermore, this Court is not bound by these recommendations. The refusal of this Court to follow the recommendations of the parties shall not serve as a basis to withdraw the plea.

## 4. STIPULATION OF FACTS RELEVANT TO SENTENCING:

The parties stipulate and agree that the facts in this case are as follows and that the government would prove these facts beyond a reasonable doubt:

On January 8, 2004, law enforcement officers, believing that the defendant was in possession of marijuana and a sawed-off shotgun, stopped a blue Oldsmobile, inside of which defendant was a passenger, in the area of Bailey Avenue and Pleasant Avenue, City of St. Louis, Missouri. Upon approaching the driver and the defendant, the officers asked defendant to place his hands on the windshield for officer safety. As the defendant leaned forward to do so, the officers observed a clear bag of marijuana wedged between defendant's back and the back of his car seat. The marijuana was seized by the police.

The defendant was placed under arrest and advised of his Miranda rights. The defendant stated that he understood his rights and waived same. The defendant was asked if he was in possession of any firearms. The defendant indicated to the officer that he had a firearm at his residence. The defendant voluntarily gave the officers permission to search his residence. The defendant even signed a Consent to Search document. The officers searched the defendant's residence and recovered a firearm from defendant's dresser drawer. An inspection of the shotgun by the officers caused them to believe that it was an illegal sawed-off shotgun. The officers seized this firearm as evidence.

This firearm was conveyed to the St. Louis Metropolitan Police Department Laboratory. A firearms expert at the lab determined that this firearm was a Savage Arms, .410 caliber

8

shotgun with a barrel length of 8 7/16 inches and an overall length of 15 inches. The stock and barrel of this shotgun had been sawed-off. The firearms expert successfully test fired this firearm and found that this firearm operated as designed. This expert also concluded that this firearm was manufactured in a state other than Missouri and therefore this firearm had to have traveled in interstate commerce prior to its recovery by the police on January 8, 2004. The defendant admits that this firearm was his and that he knew that this firearm was present in his residence before and at the time this firearm was recovered by the police as described above. The defendant admits that he had access to and control over this firearm. The defendant admits that he knew the above firearm had a cut off barrel with a length of less than 18 inches. The defendant also admits that this Savage Arms .410 shotgun was not registered to the defendant in the National Firearms Registration and Transfer Record.

5. **ELEMENTS OF THE OFFENSE:** The defendant fully understands that the elements of the crime which he admits to knowingly committing and for which he admits there is a factual basis are:

Count I - - Possession of an Unregistered Firearm

A. The Defendant was in knowing possession of a firearm (shotgun) with a cut off barrel length of less than 18 inches; to wit, a Savage Arms .410 shotgun; and

B. that this firearm (shotgun) was not registered to the defendant in the National Firearms Registration and Transfer Record.

C. at some time prior to Defendant's possession of this firearm (shotgun), this firearm (shotgun) was transported across a state line.

6. **PENALTIES:**

A. **Statutory Penalties:** The defendant fully understands that the maximum possible

9

penalty provided by law for Count I, is a fine of not more than $10,000, or imprisonment of not more than 10 years, or both, and a mandatory term of supervised release of not more than 3 years.

Defendant is aware that upon entering his plea of guilty as contemplated in this Agreement, he may be subject to mandatory detention pursuant to the provisions of Title 18, U.S.C., Section 3143.

B. **Sentencing Guidelines Effect on Penalties:** The defendant understands that except for Title 18, Sections 3553(b)(1) and Section 3742(e), this offense is <u>effected by</u> the provisions and Guidelines of the "Sentencing Reform Act of 1984," Title 18, United States Code, Sections 3661 *et. seq.* and Title 28, United States Code, Section 994.

C. **Supervised Release**: The defendant understands that the Court shall impose a term of "supervised release" to follow incarceration pursuant to Title 18, United States Code, Section 3583 (Sentencing Guidelines, Chap. 5, Part D). The defendant further understands that pursuant to the supervised release term, the Court will impose standard conditions upon the defendant and may impose special conditions upon the defendant which relate to the crime the defendant committed. These conditions will be restrictions on the defendant to which the defendant will be required to adhere. The defendant further understands that violation of the conditions of the term of supervised release resulting in revocation may require the defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release. The defendant understands that parole has been abolished.

D. **Mandatory Special Assessment:** The defendant further acknowledges that this offense is subject to the provisions of the Criminal Fines Improvement Act of 1987 and that the Court is required to impose a mandatory special assessment of $100.00 per count for a total of

$100.00, which the defendant agrees to pay at the time of sentencing. The defendant further agrees that if the mandatory special assessment imposed by the Court is not paid at the time of sentencing, until the full amount of the mandatory special assessment is paid, money paid by the defendant toward any restitution or fine imposed by the Court shall be first used to pay the mandatory special assessment.

E. **Possibility of Detention:** The defendant acknowledges that upon entering the plea of guilty as contemplated in this document, the defendant may be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

7. **FINES, RESTITUTION AND COSTS:**

The defendant understands that the Court may impose a fine, restitution (in addition to any penalty authorized by law), costs of incarceration and costs of supervision. The defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately. The defendant agrees not to attempt to avoid paying any fine imposed by the Court through any proceeding pursuant to the United States Bankruptcy Code, and stipulates that enforcement of any fine obligation by the United States or a victim is not barred or affected by the automatic stay provisions of the United States Bankruptcy Code (Title 11, U.S.C., Section 362).

The defendant's waivers and stipulations or agreements set forth above are made in exchange for the United States' concessions set forth in this plea agreement.

A. **Effect of Bankruptcy on Fines or Restitution:** The defendant hereby stipulates that any fine or restitution obligation imposed by the Court is not dischargeable in any case commenced by the defendant or the defendant's creditors pursuant to the Bankruptcy Code. The defendant agrees not to attempt to avoid paying any fine or restitution imposed by the Court through any proceeding pursuant to the United States Bankruptcy Code, and stipulates that

enforcement of any fine or restitution obligation by the United States or a victim is not barred or affected by the automatic stay provisions of the United States Bankruptcy Code (Title 11, United States Code, Section 362).

## 8. ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:

The defendant acknowledges and fully understands the following rights: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pre-trial motions, including motions to suppress evidence; the right at such trial to a presumption of innocence; the right to require the government to prove the entire case against the defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence; and the right to compel the attendance of witnesses. The defendant further understands that by this guilty plea, the defendant expressly waives all the rights set forth in this paragraph.

The defendant fully understands that the defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. The defendant's counsel has explained these rights and the consequences of the waiver of these rights. The defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

The defendant is fully satisfied with the representation received from defense counsel. The defendant has reviewed the government's evidence and discussed the government's case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which the defendant has requested relative to the

government's case and any defenses.

## 9. PRESENTENCE REPORT AND SENTENCING:

Following defendant's guilty plea, a Presentence Report will be prepared. At the time of sentencing, the parties reserve the right to allocution regarding the appropriate sentence to be imposed. Each party also reserves the right to bring any misstatements of fact made either by the other party or on that party's behalf to the attention of the Court at the time of sentencing.

## 10. STANDARD OF INTERPRETATION:

In interpreting this document, any drafting errors or ambiguities shall not automatically be construed against any party, whether or not the party was involved in drafting this document.

## 11. VOLUNTARY NATURE OF THE PLEA AND THE PLEA AGREEMENT, RECOMMENDATIONS AND STIPULATIONS:

This document constitutes the entire agreement between the defendant and the government, and no other promises or inducements have been made, directly or indirectly, by any agent of the government, including any Department of Justice attorney, concerning any plea to be entered in this case or the agreements, recommendations or stipulations contained herein. In addition, the defendant states that no person has, directly or indirectly, threatened or coerced the defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty. The defendant's agreements, recommendations and stipulations as set forth above are made in exchange for the United States' agreements, recommendations and stipulations set forth in this document.

The defendant acknowledges that the defendant has voluntarily entered into both this plea and these agreements, recommendations and stipulations. The defendant further acknowledges that this guilty plea is made of the defendant's own free will because the defendant is, in fact,

guilty of the conduct specified in sections four and five above.

12. **CONSEQUENCES OF FURTHER CRIMINAL CONDUCT OR WITHDRAWAL OF PLEA BY DEFENDANT:**

The defendant agrees that if, between the time of signing this document and the sentencing the defendant engages in any criminal activity, the government shall be released from any obligations or limits on its power to prosecute the defendant created by this document, and any such conduct shall be grounds for the loss of acceptance of responsibility pursuant to Section 3E1.1.

Further, by this plea and in the event this plea is ever withdrawn, the defendant waives the protection of Rule 11(f), Federal Rules of Criminal Procedure, and Rule 410, Federal Rules of Evidence.

2-3-05
Date

Patrick T. Judge
Assistant United States Attorney

2-3-05
Date

Charles Laden
Defendant

2-3-05
Date

Thomas Flynn
Attorney for Defendant

14