IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 4:04 CR 598 ERW |
| | ) |
| CHARLES LADEN | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S SENTENCING MEMORANDUM**

Comes now Defendant Charles Laden, by and through his attorney, Assistant Federal Public Defender Thomas F. Flynn, and submits the following to assist the Court in its sentencing decision in this case.

A. <u>The Guideline Calculations And the Plea Agreement.</u>

The Pre-Sentence Report (PSR) indicates that the offense level should be 15 and that Defendant is in Criminal History Category I. This results in a guideline range of 18 - 24 months. This is in accord with the parties' recommendation as to the offense level set out in the Stipulation. However, consistent with <u>United States v. Booker</u>, 125 S.Ct. 738 (2005), the parties reserved their right to argue for a sentence outside the guideline range, taking into account the factors mentioned in 18 U.S.C. §3553(a). That is the purpose of this Memorandum.

B. <u>Defendant's Background.</u>

Charles Laden is a 29 year old African-American male who lives in a crime-ridden neighborhood in North St. Louis. He lives with his long-term girlfriend, Arvella Walker, and their two children, Charles, III, age 7, and Chelsea, age 5 months. They have been together since 1996. In spite of growing up in an area where young black men frequently have criminal records before they reach their majority, Charles has steered clear of criminal involvement until this incident, with the exception of a suspended license charge nine years ago.

As the PSR shows, Charles has been gainfully employed since shortly after he dropped out of high school. Since July, 2002, he has been employed at the same job, as a psychiatric aide for the State of Missouri. He earns over $20,000.00 a year. He supports his family on his income, including his infant daughter. Needless to say, if he is sent to prison, he will lose his employment and, probably, his family. Counsel understands that his supervisor has sent the Court a letter of support attesting to Defendant's value as an employee. Counsel has not yet seen such a letter, however. Although Defendant has used marijuana recreationally, he has not used it since January, 2005, and understand the necessity of abstaining from it or any other illegal drug.

C. <u>The Offense.</u>

Defendant admitted to and pled guilty to the only offense charged in the Indictment. As shown in the "Offense Conduct" portion of the PSR, the sawed-off shotgun was located inside Defendant's home. He did not have it "on the street". Indeed, he told the police he had it to protect himself and his family from intruders in

this dangerous neighborhood. It should be noted that Charles voluntarily turned over the firearm upon the request of the police. Indeed, it should be noted that, but for its length, Charles Laden's possession of the shotgun would have been entirely lawful in that he is not a "prohibited person" under 18 U.S.C. §922.

D. The Court's Options And The Proper Disposition.

Under *Booker*, the guideline calculation is only one factor for the Court's consideration. Under that holding, it is not even considered to be the presumptively proper sentence. Rather, the Court must look to the totality of the circumstances to determine the best and most reasonable sentence, taking into account all the factors set out in §3553(a).

In this case, we submit that a sentence which permits Charles to remain a productive employee and a committed, supportive parent is far more reasonable than incarcerating this 29 year old first offender for 18 - 24 months or, indeed, for any period. He clearly is non-violent and is not a "threat to the community". We respectfully submit that a sentence in the Zone B range is the proper disposition in this matter, so long as Charles is permitted to continue his employment if home detention is a requirement of the sentence.

Home confinement would address the deterrence and punishment aspects of sentenicng while allowing this young man to continue down the productive path he has been on in spite of environmental obstacles to his success.

E.  Conclusion.

For the above reasons, Defendant Charles Laden asks the Court to sentence him to either probation or to supervision with a period of home confinement rather than a prison sentence. He knows he has done wrong and is sorry for his transgression. However, we respectfully submit that to end all he has worked for, and to throw his family into poverty by sending him to prison is not a "reasonable" or necessary outcome.

Respectfully submitted,

/s/Thomas F. Flynn
THOMAS F. FLYNN 3119
Federal Public Defender
1010 Market Street, Suite 200
St. Louis, Missouri 63101
Telephone: (314) 241-1255
Fax: (314) 421-3177
E-mail: Thomas_Flynn@fd.org
ATTORNEY FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I hereby certify that on April 26, 2005, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon Patrick Judge, Assistant United States Attorney.

I hereby certify that on April 26, 2005the foregoing was hand delivered to the following non-participants in the Electronic Case Filing: Vashell Anderson, United States Probation Officer, 111 South 10th Street, 2nd Floor, St. Louis Missouri.

/s/Thomas F. Flynn
THOMAS F. FLYNN 3119
Assistant Federal Public Defender