UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:04 CR 598 ERW |
| | ) | |
| CHARLES LADEN | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S SENTENCING MEMORANDUM**

COMES NOW the United States of America, by and through its attorneys, James G. Martin, United States Attorney for the Eastern District of Missouri and Patrick T. Judge, Assistant United States Attorney for said District and responds to defendant's sentencing memorandum as follows:

A.  **FACTUAL BACKGROUND OF DEFENDANT'S CONDUCT**:

The Pre-Sentence Report states, with respect to the offense conduct in this matter, that on January 8, 2004, law enforcement officers had information from a confidential informant that the defendant would be picking up a pound of marijuana from a location and would then be transporting it back to defendant's residence at 4114 North 22nd Street. Once at the residence, the marijuana would be repackaged for purposes of sale. The confidential informant also advised the police that the defendant had a sawed-off shotgun at his residence. With this information in hand, the police stopped a vehicle in which defendant was a passenger. As the police approached the vehicle, the defendant was ordered to put his hands on the windshield for officer safety. As the defendant leaned forward to do so, the police observed a bag of marijuana wedged between defendant's back and his seat. The defendant was placed under arrest. The defendant gave the police permission to search his residence. A search of the defendant's residence resulted in the recovery of the sawed-off

shotgun. Both the barrel and stock of this firearm had been sawed off. The barrel length of the shotgun had a sawed-off length of 8 7/16 inches; the overall length of the firearm was 15 inches.

The defendant was subsequently charged by federal indictment with the offense of possessing an unregistered sawed-off shotgun. After having had a hearing on his motion to suppress evidence and after this motion was denied, the defendant entered a plea of guilty to the indictment.

B. **GUIDELINES CALCULATION**

The defendant's Base Offense Level for possessing an unregistered sawed-off shotgun is a level 18. Defendant received a 3-level reduction for his acceptance of responsibility. Consequently, defendant's total offense level is a level 15.

Defendant's Criminal History Score is set at a category I. Consequently, defendant's range of imprisonment is 18-24 months.

C. **DEFENDANT'S REQUEST REGARDING SENTENCING**

Defendant has requested this Court to sentence the defendant below the Guidelines range to a term of home detention. Defendant, in support of this request, informs the Court that defendant is employed and lives with his girlfriend and their 2 children. Defendant states that he believes his employer sent a letter to the Court attesting that defendant is a good employee. Defendant states that, with the exception of a Suspended License charge, the defendant has stayed clear of criminal involvement.[1] He also states that the defendant has not used marijuana since January 2005.[2] The defendant also states, without any explanation, that if he is sent to prison he will lose his family.

---

[1] The Government does note that the defendant has also been previously arrested for felony possession of a controlled substance and for Assaulting a Law Enforcement Officer.

[2] The Government notes that the defendant has tested positive for marijuana use while on bond on this charge in violation of his bond conditions.

Defendant also states that if he is sent to prison, he will lose his job.

Regarding the offense, the defendant merely states that he possessed a sawed-off shotgun in his residence. The defendant states in his sentencing memorandum that he told the police that he had the sawed-off shotgun for protection against intruders in his dangerous neighborhood.[3] The defendant also informs the Court that but for the length of the sawed-off shotgun, it would be legal for the defendant to possess the firearm.

D. **GOVERNMENT'S RESPONSE TO DEFENDANT'S REQUEST**

It is the Government's position that the defendant has not presented sufficient cause for this Court to sentence the defendant below the Guidelines range to a term of home detention.

The defendant appears to diminish the seriousness of his criminal acts by stating that but for the length of the sawed-off shotgun, the defendant's actions would have been legal. Essentially, the defendant is arguing to the Court that if the shotgun were legal to possess, the defendant would not have committed a crime. This is analogous to a defendant stating that if the machine gun he pled guilty to possessing was capable of firing only one bullet at a time, the defendant could have legally possessed the machine gun. Furthermore, contrary to the defendant's argument that the defendant is not a prohibited person and could therefore possess an otherwise legal firearm, it is the Government's position that defendant is a prohibited person. The defendant is an admitted marijuana user. As such, the defendant is prohibited from possessing any firearm, even an otherwise legal firearm. *See* Title 18, United States Code, Section 922(g)(3). Furthermore, defendant at the

---

[3] It is the Government's position that the defendant told the police, after initially being questioned about whether he had marijauna or firearms at his residence, that he had a "thumper" at his residence. After the sawed-off shotgun was recovered by the police, the defendant told the police he bought it off the street for protection. The defendant also told the police that he could not deny that the marijuana they seized was his.

time he possessed this sawed-off shotgun also possessed over 450 grams of marijuana.[4] The confidential informant information was that the defendant was going to retrieve a pound of marijauna and bring it back to his house to repackage for sale. The CI also alerted the police that the defendant had a sawed-off shotgun in this house. It is not unreasonable to conclude that the defendant had this sawed-off shotgun, in part, to protect the defendant during his illegal drug activity. As such, the possession of even an otherwise legal firearm would be illegal to possess for purposes of facilitating illegal drug activity.

Additionally, the Government admits that if the defendant were to go to prison that the defendant may lose his job. This, however, is not a reason to ignore the guideline range and sentence the defendant to home detention. The very prospect that the defendant could lose his job for participating in illegal drug and firearm activity should have been enough to dissuade the defendant from engaging in this activity. Although the Government is not sure why the defendant states he will probably lose his family if he were sentenced to prison, this, too, should have been reason enough for the defendant to stay clear of his dangerous and illegal activity. Furthermore, the very notion of defendant having a loaded and operable, pistol-sized, sawed-off shotgun in his residence with children present strikes the Government as a situation in which the Defendant cared more about himself than his children. Consequently, treating the defendant to a sentence of home detention will send the wrong message to the defendant and will not properly inform the defendant as to how serious and dangerous society and this Court believe the defendant's actions were. Furthermore, the Government believes that defendants should be treated similarly. The mere fact

---

[4] The marijuana was seized from the defendant in an automobile; the sawed-off shotgun was recovered from the defendant's house.

that the defendant has a job and a family should not serve as a basis to treat the defendant any differently than a defendant who has neither a job nor a family.  The law should apply with equal force to individuals regardless of whether they are employed and regardless of whether they have children.  To sentence unemployed and/or childless individuals more harshly than those more fortunate would be exceedingly unfair.

WHEREFORE, the Government requests that this Court sentence the defendant to a term of imprisonment pursuant to the applicable Guidelines range of 18 to 24 months.

Respectfully submitted,

JAMES G. MARTIN
United States Attorney

/s/ Patrick T. Judge
PATRICK T. JUDGE #76571
Assistant United States Attorney
111 South 10th Street, 20th Floor
St. Louis, Missouri 63101
(314) 539-2200

**CERTIFICATE OF SERVICE**

The foregoing was filed with the Clerk of the Court to be served upon Thomas Flynn, Assistant Federal Public Defender, by operation of the court mandated electronic case filing system.

/s/ Patrick T. Judge

5